

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

Nos. 06-15-00086-CR,
06-15-00087-CR, 06-15-00088-CR,
& 06-15-00089-CR

_____

SAMUEL MOSES WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court Nos. 1424392, 1424393, 1424394, & 1424395

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Samuel Moses Williams was convicted by a Hopkins County jury of four counts of indecency with a child by sexual contact. Following Williams' conviction, he exercised his right to appeal, and an attorney was appointed to represent him on appeal. Williams' appointed appellate counsel recently filed a brief citing *Anders v. California*, 386 U.S. 738 (1967), claiming to have found no meritorious grounds upon which to challenge Williams' conviction and sentence.

Under *Anders* and its progeny, Williams has a constitutional right to review the appellate record and to file a pro se response to his attorney's *Anders* brief. *Anders*, 386 U.S. at 745; *see also Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). As the Texas Court of Criminal Appeals recently stated, once an *Anders* brief is filed and the appellant informs the court of appeals that he desires to review the record, "the court of appeals has the ultimate responsibility to make sure that, one way or another[,] . . . the appellant is granted access to the appellate record so that he may file his response . . . before [the court of appeals] rules on the adequacy of the *Anders* brief . . . ." *Kelly v. State*, 436 S.W.3d 313, 315 (Tex. Crim. App. 2014).

Williams has requested access to the appellate record in this matter, and his counsel provided him a paper copy of the record for his review. However, a portion of Williams' record— five exhibits—were stored using the MPEG-4 Part 14 (MP4) digital multimedia format and were filed with this Court as MP4 files.

This Court is ultimately responsible for ensuring that Williams is permitted to listen to these five MP4 files that are a part of his appellate record. *See id*. In furtherance of our responsibility and in an effort to work with the Joe F. Gurney Unit of the Texas Department of

2

Criminal Justice, we asked our clerk to contact prison officials to determine the best means of accomplishing this goal, and our clerk was informed that a court order was required.

As a preliminary matter, we recognize that the Texas Department of Criminal Justice, generally, and the Joe F. Gurney Unit, specifically, must maintain a set of procedures in order to assure the safety of both its staff and its inmates, and our intent is not to affect the safe and efficient operation of this institution. That said, we hereby order that Williams be provided with the means of reviewing the five MP4 files that are part of his appellate record in this matter. We will not dictate precisely how this must be accomplished, only that it must. The five files, which are a combination of audio only, video only, and audio/video files, last a total of one hour, fifty-three minutes, and three seconds, and Williams should be allowed to review the files at least two times, if he so desires. We do not require that Williams be allowed to operate any equipment, simply that he be furnished with a means of reviewing the MP4 files twice from beginning to end.

Prison officials should comply with the dictates of this order within fifteen days of the date of the order, or by September 24, 2015. We further request that prison officials inform this Court of the date on which Williams was given the opportunity to review the digitally recorded MP4 files and to advise the Court whether he availed himself of that opportunity.

IT IS SO ORDERED.

BY THE COURT

Date: September 9, 2015

3